plead more that he is required to prove. Defendant cannot deny his landlord's right to possession until he has avoided the lease by proof of such facts as would entitle him to relief in equity from any other obligation created by deed. Williams v. Wait, 2 S. D. 210, 49 N. W. 209. This he attempts by alleging that the lease was fraudulently obtained. If this allegation is sustained, plaintiff cannot recover; if not, he must recover, because defendant is estopped by the covenants of his valid lease from denying plaintiff's right to possession upon the expiration of its term. Williams v. Wait, *supra.* Therefore there are but three issues raised by the pleadings, and none other can be considered under the practice in this state, namely: fraud in the execution of the lease, the amount due for rent, and the reasonable rental value of the premises. It follows that title to the property did not in any wise come in question, and that the justice rightly refused to certify the case. In the circuit court the only issues involved in the action were submitted to a jury under proper instructions, which returned a verdict in favor of plaintiff. The verdict is abundantly sustained by the evidence. We have carefully considered the entire record. Finding no reversible error, the judgment is affirmed.

---

### RANDALL v. BURK TWP. OF MINNEHAHA COUNTY *et al.*

(Opinion filed April 6, 1897.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action by Polina Randall against Burk township of Minnehaha county and others. Judgment for plaintiff. Defendants appeal. Affirmed.

*H. H. Keith,* for appellants.

*Aikens, Bailey & Voorhees,* for respondent.

FULLER, J. The questions involved in this case and that of Randall v. Burk Tp. (decided herewith) 70 N. W. 837, are the same. It follows that the conclusion reached in that case must control in this, and hence the judgment appealed from is affirmed.

---

RANDALL V. BURK TWP. OF MINNEHAHA COUNTY *et al.*

(Opinion filed April 6, 1897.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action by Mary Randall against Burk towhship of Minnehaha county and others. Judgment for plaintiff. Defendants appeal. Affirmed.

*H. H. Keith*, for appellants.

*Aikens, Bailey & Voorhees*, for respondent.

FULLER, J. This appeal and that of Randall v. Burk Tp. 9 S. D. 527, 70 N. W. 837, are identical, and were submitted together on the same abstract and briefs. Consequently the conclusion there reached is decisive here, and the judgment appealed from is affirmed.

---

STATE v. DORMAN.

1. An indictment charging that defendant did willfully, etc., "cut and remove" from school land certain timber then and there growing, charges an offense within Laws 1890, Chap. 140, Sec. 2, prescribing punishment for any person "who shall remove" any timber standing or growing on such land; the word "cut" being mere surplussage.

2. The statute does not require that the offense shall be "knowingly" committed, and hence it is no defense that defendant did not know that the land from which he removed the timber was school land.