RANDALL V. BURK TWP. OF MINNEHAHA COUNTY *et al.*

On resurvey of land originally belonging to the United States, and which had been surveyed under its authority, the resurvey must follow the boundaries and monuments as run by the original survey, if the monuments can be found, or the places where they were originally placed identified.

(Opinion filed April 6, 1897.)

Appeal from circuit court, Minnehaha county.   Hon. J. W. JONES, Judge.

Action to restrain the defendant and its officers from laying out and preparing for use certain highways.   Plaintiff had judgment, and defendants appeal.   Affirmed.

The facts are stated in the opinion.

*H. H. Keith*, for appellants,

*Aikens, Bailey & Voorhees*, for respondent.

FULLER, J.   This action in equity to perpetually restrain the defendants and its officers from laying out and preparing for use certain highways located with reference to a survey made by E. H. Van Antwerp in the year 1887, and extending across plaintiff's land, resulted in her favor, and the defendants appeal from the judgment and from an order overruling a motion for a new trial.   Whether, as a matter of fact, the lines and corners established by Van Antwerp correspond with the original government survey is the controlling substantive issue presented by the pleadings.   It is alleged in the complaint and in the answer admitted, that plaintiff is the owner of the S. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of section 4, in Burk township, and that there now is, and has been continuously for more than 15 years, open public highways extending east and west along the line between sections 4 and 9, and north and south along the north and south center line of said section 4, being the quarter-section line, and that both of said public highways were laid out with reference to, and established immediately upon, the lines

of the original United States government survey. It appears from the record that Burk township was surveyed by United States governmental authority early in the 60's, by the county surveyor of Minnehaha county in 1878, and by E. H. Van Antwerp in 1887. The highways which appellants attempted to prepare for public use were being made to conform to lines established by the later surveys, which are substantially similar and which their counsel maintains correspond with the government field notes, lines and monuments. As stated above, appellants admit, and as a matter of fact the court found, that "there has been for more than fifteen years last past, and now is, a public highway along the north and south center line of said section four (4), in said Burk township, being the quarter section line; and also a public highway east and west along the section line between section four (4) and nine (9), in said Burk township,—which said highways were laid out and established on said north and south quarter section line and on said east and west section line, respectively, according to the original United States government survey." From the evidence introduced under the pleadings in support of the theory upon which the case was tried, the court found, among other things, that the Van Antwerp survey does not accord with or conform to the government survey in any particular, and that the defendants "have threatened to alter and change said highways between said sections four (4) and nine (9), and along the north and south center line of said section four (4), from the lines established by the United States government survey, and to locate the same, in accordance with said Van Antwerp survey, upon and across said lands owned by plaintiff as aforesaid at a distance of about fifteen rods south, in the case of said east and west highway, and of about fifteen rods west, in the case of said north and south highway, from said original highways, and that the right of way for said highways in said new location has never been acquired by condemnation, purchase or otherwise; * * * that the defendants herein

are threatening to and are about to enter upon the land of plaintiff aforesaid, and destroy the crops growing thereon, and the improvements made thereon and belonging to plaintiff, and by force and violence to open said highways along the lines of said Van Antwerp survey, over, across, and upon the land of plaintiff, as aforesaid." The testimony adduced on behalf of respondent is similar in character, though obviously more convincing, than that offered and received at the trial of a case between the same parties, involving the same survey, and appealed to this court, where, after a careful review of the evidence, judgment in favor of appellants herein was reversed, for the reason that the conclusion then reached by the trial court was not sustained by a fair preponderance of the evidence. For a complete statement of the facts and law applicable to this case see Randall v. Burk Tp., 4 S. D. 337, 57 N. W. 4. Although conflicting, the evidence irresistably sustains the findings of fact, conclusions of law, and judgment of the trial court. In view of the former decision reported as above indicated, neither a statement of the testimony of the various witnesses, nor a discussion of the law by which we are ruled, is regarded necessary. Finding no reversible error in the record the judgment appealed from is affirmed.